**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| FLORENTINA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-01169-JEH-RLH |
| | ) | |
| v. | ) | |
| | ) | |
| COOK MEDICAL LLC (d/b/a COOK POLYMER TECHNOLOGY), | ) | |
| | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Florentina Jones ("Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint against Cook Medical LLC. (d/b/a Cook Polymer Technology) ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3.     Venue of this action properly lies in the Central District of Illinois, Peoria

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.    This Court has pendent jurisdiction and supplementary jurisdiction of Count II, IV, and VI through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

5.    All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6.    A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

7.    Plaintiff received a Notice of Right to Sue from the EEOC and a Notice of Dismissal from the IDHR (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.    At all times material to the allegations of this Complaint, Plaintiff, Florentina Jones, resides in Tazewell County in the State of Illinois.

9.    At all times material to the allegations in this Complaint, Defendant, Cook Medical LLC (d/b/a Cook Polymer Technology), is a limited liability company doing business in and for Fulton County, Illinois whose address is 300 East Elm Street, Canton, Illinois 61520-2745.

10.    Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.    During the applicable limitations period, Defendant had at least fifteen employees,

has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.    Plaintiff (female) was hired by Defendant as a machine operator from in or around August 2024, until she was unlawfully terminated in or around late January 2025, based on her sex (female) and for opposing sexual harassment.

13.    Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

14.    From the outset of her employment in August 2024 through January 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

15.    During Plaintiff's first few weeks of work, she experienced inappropriate behavior and sexual harassment by her trainer, Eric Lee (male).

16.    On multiple occasions, Eric made remarks about Plaintiff's appearance, he called her "beautiful" and told her she looked like Nina Dobrev from The Vampire Diaries.

17.    Eric said Plaintiff was "very pretty" and that a co-worker who worked downstairs wouldn't want to talk to her because "he's scared of pretty girls."

18.    These comments were unprofessional, unwanted, and created a work environment that made Plaintiff deeply uncomfortable.

19.    Approximately two months into her employment, Plaintiff attempted to address her concerns by asking her supervisor, Edward (LNU, male), for the contact information for a Human

Resources representative, after learning that the HR contact who had onboarded her was no longer with the company.

20.    Edward provided no information or guidance, leaving Plaintiff isolated and without any clear avenue to report the ongoing harassment.

21.    Meanwhile, the sex-based harassment and discrimination continued unabated.

22.    Eric made a disturbing comment about a book he was reading, stating that it contained "rape" scenes that even made him uncomfortable.

23.    Without provocation, Eric also made an unsolicited and vulgar remark, telling Plaintiff, "If you want a goth tittie girl, you have to live the goth lifestyle."

24.    The work environment worsened when Plaintiff, while operating a machine, was mocked by male supervisors Edward and Cody, alongside Eric, who sat laughing loudly at a nearby table.

25.    Edward approached Plaintiff and commented, "It's so funny, the only woman in the room is doing all the work," before adding, "I told Cody he should ask you to make him a sandwich."

26.    Cody, joining the conversation, replied, "I'm not going to ask you that because I like my job," further reinforcing the sexist and degrading atmosphere.

27.    Edward's comments were humiliating, demeaning Plaintiff's contributions based on her sex, and perpetuating a hostile work environment.

28.    Recognizing the severity of the situation, Plaintiff called Defendant's Ethics and Compliance Hotline on or about January 23, 2025, to report the harassment.

29.    However, the call was disconnected mid-conversation, and Defendant failed to follow up or return her call.

30.     With no onsite HR presence, Plaintiff sought assistance from other employees to obtain a local HR contact.

31.     Plaintiff's attempts to call the number provided resulted only in her being routed to a Bloomington office, with no access to a local HR representative.

32.     Despite explaining her situation to the Bloomington representative, Plaintiff was again denied meaningful assistance.

33.     The next day, on or about January 25, 2025, Plaintiff told Edward about her difficulties reaching HR and asked for another contact.

34.     Edward finally provided Plaintiff with a number for the HR office across the street, which was a separate building and branch of the company; however, even after multiple attempts, Plaintiff remained unable to reach anyone who could assist her.

35.     Despite multiple attempts to contact HR, Plaintiff was unsuccessful.

36.     The unaddressed harassment, lack of HR support, and continual stress led Plaintiff to take paid time off (PTO) on January 26 and 27, 2025.

37.     Plaintiff left a message in the DayForce App, which Edward had access to, clearly stating that she would not return to work unless contacted by HR to address the harassment.

38.     Defendant remained silent.

39.     Faced with ongoing harassment, an inaccessible HR department, and no meaningful way to report or resolve the sexual harassment, Plaintiff was left with no reasonable alternative but to separate from her employment.

40.     Defendant's repeated failures forced Plaintiff to resign, amounting to a constructive discharge.

41.     Defendant's complete disregard for Plaintiff's reports and failure to remedy the

5

hostile work environment violated Plaintiff's rights and left her no viable choice but to leave her job.

42.    Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment, and there was no legitimate basis for her removal.

43.    Ultimately, or around January 27, 2025, Plaintiff was constructively discharged from her employment.

44.    Plaintiff reported the sex-based harassment and sex-based discrimination to Defendant.

45.    Plaintiff can show that she engaged in statutorily protected activity, an essential component of her retaliation claim - by making internal complaints to her supervisor Edward and repeatedly attempting to contact HR regarding the harassment and discrimination she endured.

46.    Ultimately, Plaintiff's employment ended not because of any performance deficiencies, but because she stood up against unlawful sex-based harassment and Defendant failed to protect her as required by law.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

47.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49.    Defendant knew or should have known of the harassment.

50.    The sexual harassment was severe or pervasive.

51.    The sexual harassment was offensive subjectively and objectively.

52.     The sexual harassment was unwelcomed.

53.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., due to Plaintiff's sex, female.

54.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

55.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Illinois Human Rights Act (775 ILCS 5/)**
**(Sexual Harassment)**

56.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

57.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/).

58.     Defendant knew or should have known of the harassment.

59.     The sexual harassment was severe or pervasive.

60.     The sexual harassment was offensive subjectively and objectively.

61.     The sexual harassment was unwelcome.

62.     Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/).

63.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

64.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

65.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

66.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

67.    Plaintiff met or exceeded performance expectations.

68.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

69.    Defendant effectively terminated Plaintiff's employment on the basis of Plaintiff's sex, female.

70.    Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

71.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Illinois Human Rights Act, (775 ILCS 5/)
### (Sex-Based Discrimination)

73.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

74.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, (775 ILCS

5/).

75.    Plaintiff met or exceeded performance expectations.

76.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

77.    Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

78.    Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

79.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

80.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

81.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

82.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

83.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

84.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

85.    In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough

and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

86.     Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

87.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

88.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

89.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

90.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

91.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

92.     Plaintiff is a member of a protected class under (775 ILCS 5/) on the basis of sex.

93.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and/or sexual harassment.

94.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act (775 ILCS 5/).

95.     In response to Plaintiff's complaints, Defendant failed numerous times to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based

discrimination and/or sexual harassment.

96.    Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

97.    Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

98.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting of sex-based discrimination and/or sexual harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

99.    Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

100.    As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Pre-judgment and post-judgment interest;

f.    Injunctive relief;

g.    Punitive damages;

h.    Reasonable attorney's fees and costs; and

i.    For any other relief this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 8th day of May 2025.

> *s Mally L. Slone*
> **MALLY L. SLONE, ESQ**.
> KY Bar No.: 101128
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (331) 272- 1940
> Fax (630) 575 - 8188
> mslone@sulaimanlaw.com
> *Attorney for Plaintiff*