E-FILED
Wednesday, 25 June, 2025  05:19:40 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

FLORENTINA JONES,

      Plaintiff,

v.

COOK MEDICAL LLC (d/b/a COOK
POLYMER TECHNOLOGY),

      Defendant.

Case No: 1:25-cv-01169

District Judge Hawley

Magistrate Judge Hanna

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Cook Medical LLC d/b/a Cook Polymer Technology, by counsel, submits its Answer to the First Amended Complaint ("Complaint") filed by plaintiff Florentina Jones. Any allegations contained in the Complaint not specifically admitted herein are expressly denied.

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and the Illinois Human Rights Act (775 ILCS 5/) ("IHRA") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

**Answer**: Defendant admits that Plaintiff brings this lawsuit pursuant to Title VII and the IHRA. Defendant specifically denies that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief, and denies any remaining allegations of paragraph 1.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.*

**Answer**: Defendant admits that this Court has subject matter jurisdiction over this action.

3.      Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**Answer**: Defendant admits that venue is proper in this district and division. Defendant

denies any remaining allegations of paragraph 3.

4.      This Court has pendent jurisdiction and supplementary jurisdiction of Count II, IV, and VI through 28 U.S.C. §1367.

**Answer**: Defendant admits that the Court has supplemental jurisdiction over Plaintiff's

state law claims.  Defendant denies any remaining allegations of paragraph 4.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations of paragraph 5, and therefore denies them.

6.      A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto as Exhibit "A").

**Answer**: Defendant admits that Plaintiff filed a charge of employment discrimination with

the EEOC on or about February 14, 2025, alleging sex discrimination, sexual harassment, and

retaliation. Defendant further admits that it appears that Plaintiff attached a redacted copy of the

charge as Exhibit A to the First Amended Complaint. Defendant specifically denies the truth of the

allegations contained within the charge and denies any remaining allegations of paragraph 6.

7.      Plaintiff received a Notice of Right to Sue from the EEOC and a Notice of Dismissal from the IDHR (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**Answer**: Defendant admits that the EEOC issued a "Dismissal and Notice of Rights" dated April 15, 2025, regarding the charge discussed in paragraph 6. Defendant admits that Plaintiff attached a copy of the Dismissal and Notice of Rights as Exhibit B to the First Amended Complaint. Defendant admits that Plaintiff filed this lawsuit within 90 days of the date listed on the Dismissal and Notice of Rights. Defendant denies any remaining allegations of paragraph 7.

## PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, Florentina Jones, resides in Tazewell County in the State of Illinois.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8, and therefore denies them.

9.      At all times material to the allegations in this Complaint, Defendant, Cook Medical LLC (d/b/a Cook Polymer Technology), is a limited liability company doing business in and for Fulton County, Illinois whose address is 300 East Elm Street, Canton, Illinois 61520-2745.

**Answer**: Defendant admits the allegations of paragraph 9.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

**Answer**: Defendant admits the allegations of paragraph 10.

11.      During the applicable limitations period, Defendant had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**Answer**: Defendant admits the allegations of paragraph 11.

## BACKGROUND FACTS

12.      Plaintiff (female) was hired by Defendant as a machine operator from in or around August 2024, until she was unlawfully terminated in or around late January 2025, based on her sex (female) and for opposing sexual harassment.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that it hired Plaintiff as a machine operator on August 12, 2024, and that she voluntarily resigned her employment in or around late January 2025. Defendant denies any remaining allegations of paragraph 12.

13.    Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under Title VII. Defendant denies any remaining allegations of paragraph 13.

14.    From the outset of her employment in August 2024 through January 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

**Answer**: Defendant denies the allegations of paragraph 14.

15.    During Plaintiff's first few weeks of work, she experienced inappropriate behavior and sexual harassment by her trainer, Eric Lee (male).

**Answer**: Defendant denies the allegations of paragraph 15.

16.    On multiple occasions, Eric made remarks about Plaintiff's appearance, he called her "beautiful" and told her she looked like Nina Dobrev from The Vampire Diaries.

**Answer**: Defendant admits that Eric Lee told Plaintiff that she resembled Nina Dobrev from *The Vampire Diaries*. Defendant denies any remaining allegations of paragraph 16.

17.    Eric said Plaintiff was "very pretty" and that a co-worker who worked downstairs wouldn't want to talk to her because "he's scared of pretty girls."

**Answer**: Defendant admits that Eric Lee recalls that he may have said something to the effect of: "[The co-worker] gets nervous around pretty girls." Defendant denies any remaining

allegations of paragraph 17.

18.     These comments were unprofessional, unwanted, and created a work environment that made Plaintiff deeply uncomfortable.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to how Plaintiff felt. Defendant denies any remaining allegations of paragraph 18, and therefore denies them.

19.     Approximately two months into her employment, Plaintiff attempted to address her concerns by asking her supervisor, Edward (LNU, male), for the contact information for a Human Resources representative, after learning that the HR contact who had onboarded her was no longer with the company.

**Answer**: Defendant admits that, at some point during her employment, Plaintiff asked her supervisor for the contact information for a Human Resources representative, but denies any remaining allegations of paragraph 19.

20.     Edward provided no information or guidance, leaving Plaintiff isolated and without any clear avenue to report the ongoing harassment.

**Answer**: Defendant denies the allegations of paragraph 20.

21.     Meanwhile, the sex-based harassment and discrimination continued unabated.

**Answer**: Defendant denies the allegations of paragraph 21.

22.     Eric made a disturbing comment about a book he was reading, stating that it contained "rape" scenes that even made him uncomfortable.

**Answer**: Defendant admits that Eric Lee recalls that Plaintiff had asked him about a book he was reading and that, in response to questions from Plaintiff, he told Plaintiff it made him feel uncomfortable because it contained rape. Defendant denies any remaining allegations of paragraph 22.

23.     Without provocation, Eric also made an unsolicited and vulgar remark, telling Plaintiff, "If you want a goth tittie girl, you have to live the goth lifestyle."

**Answer**: Defendant denies the allegations of paragraph 23.

24.     The work environment worsened when Plaintiff, while operating a machine, was mocked by male supervisors Edward and Cody, alongside Eric, who sat laughing loudly at a nearby table.

**Answer**: Defendant denies the allegations of paragraph 24.

25.     Edward approached Plaintiff and commented, "It's so funny, the only woman in the room is doing all the work," before adding, "I told Cody he should ask you to make him a sandwich."

**Answer**: Defendant denies the allegations of paragraph 25.

26.     Cody, joining the conversation, replied, "I'm not going to ask you that because I like my job," further reinforcing the sexist and degrading atmosphere.

**Answer**: Defendant denies the allegations of paragraph 26.

27.     Edward's comments were humiliating, demeaning Plaintiff's contributions based on her sex, and perpetuating a hostile work environment.

**Answer**: Defendant denies the allegations of paragraph 27.

28.     Recognizing the severity of the situation, Plaintiff called Defendant's Ethics and Compliance Hotline on or about January 23, 2025, to report the harassment.

**Answer**: Defendant admits that it received a call through its hotline on January 23, 2025, but because the caller remained anonymous and the caller hung up the call before it completed, there was no way for Defendant to follow up with the caller until it determined the identity of the caller. Defendant denies any remaining allegations of paragraph 28.

29.     However, the call was disconnected mid-conversation, and Defendant failed to follow up or return her call.

**Answer**: Defendant admits that the anonymous caller hung up before Defendant could provide a report key and passcode to facilitate the caller following up on the subject matter of the call, and, because the caller remained anonymous, there was no way for Defendant to follow up with the caller until it determined the identity of the caller. Defendant denies any remaining allegations of paragraph 29.

30.    With no onsite HR presence, Plaintiff sought assistance from other employees to obtain a local HR contact.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30, and therefore denies them.

31.    Plaintiff's attempts to call the number provided resulted only in her being routed to a Bloomington office, with no access to a local HR representative.

**Answer**: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31, and therefore denies them.

32.    Despite explaining her situation to the Bloomington representative, Plaintiff was again denied meaningful assistance.

**Answer**: Defendant denies the allegations of paragraph 32.

33.    The next day, on or about January 25, 2025, Plaintiff told Edward about her difficulties reaching HR and asked for another contact.

**Answer**: Defendant admits that on or about January 25, 2025, Plaintiff asked Edward Barker for contact information for HR. Defendant denies any remaining allegations of paragraph 33.

34.    Edward finally provided Plaintiff with a number for the HR office across the street, which was a separate building and branch of the company; however, even after multiple attempts, Plaintiff remained unable to reach anyone who could assist her.

**Answer**: Defendant admits that Mr. Barker provided Plaintiff with contact information for Defendant's HR office. Defendant denies any remaining allegations of paragraph 34.

35.　　Despite multiple attempts to contact HR, Plaintiff was unsuccessful.

**Answer**: Defendant denies the allegations of paragraph 35.

36.　　The unaddressed harassment, lack of HR support, and continual stress led Plaintiff to take paid time off (PTO) on January 26 and 27, 2025.

**Answer**: Defendant admits that Plaintiff took paid time off on January 26 and 27, 2025. Defendant denies any remaining allegations of paragraph 36.

37.　　Plaintiff left a message in the DayForce App, which Edward had access to, clearly stating that she would not return to work unless contacted by HR to address the harassment.

**Answer**: Defendant admits that Plaintiff left a message in the DayForce App stating that she refused to return to work unless HR contacted her. Defendant denies any remaining allegations of paragraph 37.

38.　　Defendant remained silent.

**Answer**: Defendant denies the allegations of paragraph 38.

39.　　Faced with ongoing harassment, an inaccessible HR department, and no meaningful way to report or resolve the sexual harassment, Plaintiff was left with no reasonable alternative but to separate from her employment.

**Answer**: Defendant denies the allegations of paragraph 39.

40.　　Defendant's repeated failures forced Plaintiff to resign, amounting to a constructive discharge.

**Answer**: Defendant denies the allegations of paragraph 40.

41.　　Defendant's complete disregard for Plaintiff's reports and failure to remedy the

hostile work environment violated Plaintiff's rights and left her no viable choice but to leave her job.

**Answer**: Defendant denies the allegations of paragraph 41.

42.    Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment, and there was no legitimate basis for her removal.

**Answer**: Defendant denies the allegations of paragraph 42, including the inference that

Defendant terminated her employment.

43.    Ultimately, or around January 27, 2025, Plaintiff was constructively discharged from her employment.

**Answer**: Defendant denies the allegations of paragraph 43.

44.    Plaintiff reported the sex-based harassment and sex-based discrimination to Defendant.

**Answer**: Defendant denies the allegations of paragraph 44.

45.    Plaintiff can show that she engaged in statutorily protected activity, an essential component of her retaliation claim - by making internal complaints to her supervisor Edward and repeatedly attempting to contact HR regarding the harassment and discrimination she endured.

**Answer**: Defendant denies the allegations of paragraph 45.

46.    Ultimately, Plaintiff's employment ended not because of any performance deficiencies, but because she stood up against unlawful sex-based harassment and Defendant failed to protect her as required by law.

**Answer**: Defendant denies the allegations of paragraph 46.

<u>**COUNT I**</u>
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

47.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding

paragraphs.

48.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**Answer**: Defendant denies the allegations of paragraph 48.

49.     Defendant knew or should have known of the harassment.

**Answer**: Defendant denies the allegations of paragraph 49.

50.     The sexual harassment was severe or pervasive.

**Answer**: Defendant denies the allegations of paragraph 50.

51.     The sexual harassment was offensive subjectively and objectively.

**Answer**: Defendant denies the allegations of paragraph 51.

52.     The sexual harassment was unwelcomed.

**Answer**: Defendant denies the allegations of paragraph 52.

53.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* due to Plaintiff's sex, female.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under Title VII. Defendant denies any remaining allegations of paragraph 53.

54.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**Answer**: Defendant denies the allegations of paragraph 54.

55.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 55.

## COUNT II
### Violation of Illinois Human Rights Act (775 ILCS 5/)
### (Sexual Harassment)

56.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding

paragraphs.

57.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of the Illinois Human Rights Act (775 ILCS 5/).

**Answer**: Defendant denies the allegations of paragraph 57.

58.     Defendant knew or should have known of the harassment.

**Answer**: Defendant denies the allegations of paragraph 58.

59.     The sexual harassment was severe or pervasive.

**Answer**: Defendant denies the allegations of paragraph 59.

60.     The sexual harassment was offensive subjectively and objectively.

**Answer**: Defendant denies the allegations of paragraph 60.

61.     The sexual harassment was unwelcome.

**Answer**: Defendant denies the allegations of paragraph 61.

62.     Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/).

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is

a protected class under the IHRA. Defendant denies any remaining allegations of paragraph 62.

63.    Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**Answer**: Defendant denies the allegations of paragraph 63.

64.    As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 64.

### <u>COUNT III</u>
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

65.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding

paragraphs.

66.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

**Answer**: Defendant denies the allegations of paragraph 66.

67.    Plaintiff met or exceeded performance expectations.

**Answer**: Defendant denies the inference that Defendant terminated Plaintiff's

employment. Defendant denies any remaining allegations of paragraph 67.

68.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**Answer**: Defendant denies the allegations of paragraph 68.

69.    Defendant effectively terminated Plaintiff's employment on the basis of Plaintiff's sex, female.

**Answer**: Defendant denies the allegations of paragraph 69.

70.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under Title VII. Defendant denies any remaining allegations of paragraph 70.

71.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**Answer**: Defendant denies the allegations of paragraph 71.

72.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 72.

### COUNT IV
### Violation of the Illinois Human Rights Act, (775 ILCS 5/)
### (Sex-Based Discrimination)

73.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding paragraphs.

74.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, (775 ILCS 5/).

**Answer**: Defendant denies the allegations of paragraph 74.

75.      Plaintiff met or exceeded performance expectations.

**Answer**: Defendant denies the inference that Defendant terminated Plaintiff's employment. Defendant denies any remaining allegations of paragraph 75.

76.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

**Answer**: Defendant denies the allegations of paragraph 76.

77.     Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

**Answer**: Defendant denies the allegations of paragraph 77.

78.     Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under the IHRA. Defendant denies any remaining allegations of paragraph 78.

79.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

**Answer**: Defendant denies the allegations of paragraph 79.

80.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 80.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

81.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding paragraphs.

82.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under Title VII. Defendant denies any remaining allegations of paragraph 82.

83.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

**Answer**: Defendant denies the allegations of paragraph 83.

84.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**Answer**: Defendant denies the allegations of paragraph 84.

85.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

**Answer**: Defendant denies the allegations of paragraph 85.

86.     Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

**Answer**: Defendant denies the allegations of paragraph 86.

87.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**Answer**: Defendant denies the allegations of paragraph 87.

88.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

**Answer**: Defendant denies the allegations of paragraph 88.

89.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

**Answer**: Defendant denies the allegations of paragraph 89.

90.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 90.

### COUNT VI
### Violation of the Illinois Human Rights Act (775 ILCS 5/)
### (Retaliation)

91.    Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

**Answer**: Defendant restates its answers to the allegations set forth in each of the preceding paragraphs.

92.    Plaintiff is a member of a protected class under (775 ILCS 5/) on the basis of sex.

**Answer**: Defendant admits that Plaintiff identifies as female. Defendant admits that sex is a protected class under the IHRA. Defendant denies any remaining allegations of paragraph 92.

93.    During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and/or sexual harassment.

**Answer**: Defendant denies the allegations of paragraph 93.

94.    As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Illinois Human Rights Act (775 ILCS 5/).

**Answer**: Defendant denies the allegations of paragraph 94.

95.    In response to Plaintiff's complaints, Defendant failed numerous times to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and/or sexual harassment.

**Answer**: Defendant denies the allegations of paragraph 95.

96.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

**Answer**: Defendant denies the allegations of paragraph 96.

97.     Plaintiff has suffered adverse employment action in retaliation for engaging in protected activity.

**Answer**: Defendant denies the allegations of paragraph 97.

98.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting of sex-based discrimination and/or sexual harassment, thereby violating the Illinois Human Rights Act (775 ILCS 5/).

**Answer**: Defendant denies the allegations of paragraph 98.

99.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

**Answer**: Defendant denies the allegations of paragraph 99.

100.    As a direct and proximate result of the above-alleged willful and/or reckless act of Defendant, Plaintiff has suffered of a pecuniary and non-pecuniary nature, humiliation, and degradation, including mental anguish, distress, humiliation, and loss of enjoyment of life.

**Answer**: Defendant denies the allegations of paragraph 100.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering;

e.      Pre-judgment and post-judgment interest;

f.      Injunctive relief;

g.      Punitive damages;

h.      Reasonable attorney's fees and costs; and

i.      For any other relief this Court may deem just and equitable.

**Answer**: Defendant admits that Plaintiff seeks the relief listed in the unnumbered paragraph under the heading "Relief Requested," specifically deny that she is entitled to any such relief, and denies any remaining allegations of that paragraph.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

**Answer**: Defendant admits that Plaintiff seeks a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses:

1.      Plaintiff fails to state a claim against Defendant, in whole or in part, upon which relief can be granted. Specifically, Plaintiff does not allege facts sufficient to support a hostile work environment claim and/or constructive discharge.

2.      To the extent Plaintiff seeks damages not recoverable under Title VII or the IHRA, Plaintiff is barred from such recovery.

3.      Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims, in whole or in part, are limited or barred by the doctrines of estoppel, waiver, laches, or unclean hands.

4.      Subject to reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate her damages.

5.      Plaintiff is barred from pursuing her claims to the extent she failed to exhaust her administrative remedies.

6.      Subject to reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by the applicable statute of limitations.

7.      Plaintiff's claims for punitive damages are limited or barred because Defendant cannot be held vicariously liable for any employment decision of managerial agents that are contrary to Defendant's good-faith efforts to comply with applicable federal and state employment laws.

8.      Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

9.      Plaintiff is not entitled to compensatory damages or attorney's fees because Defendant did not at any time engage in any unlawful, willful, reckless, or malicious conduct toward Plaintiff or with intent to injure Plaintiff or with knowledge or belief that injury was substantially certain to occur.

10.      Subject to reasonable opportunity for investigation and discovery, Plaintiff's claims are limited by the doctrine of after-acquired evidence.

Wherefore, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, that Plaintiff take nothing by way of her complaint, and that the Court award Defendant the costs of this action and all other just and proper relief.

Date: June 25, 2025

Respectfully submitted,

COOK MEDICAL LLC

*/s/ Benjamin S. Morrell*

Benjamin S. Morrell (ARDC No. 6341896)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
Tel.: (312) 527-4000
Fax: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: June 25, 2025

*/s/ Benjamin S. Morrell*